UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Robert Lonnell Smith, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Washoe County, et al., <br><br> Defendants. | Case No. 2:23-cv-01183-CDS-DJA <br><br> **Order** |

Plaintiff, an inmate at the High Desert State Prison, is proceeding in this action *pro se*, and has filed a motion for judicial notice (ECF No. 10) a motion to amend his complaint (ECF No. 12) and a second motion for judicial notice (ECF No. 16). Because Plaintiff's motion to amend his complaint appears to be a motion to supplement the original complaint and attaches a complaint that does not appear complete in itself, the Court denies Plaintiff's motion to amend without prejudice. The Court also denies Plaintiff's motions for judicial notice as moot.

**I.     Amendment versus addendums.**

It appears that Plaintiff may be using his amended complaint as an addendum. Indeed, Plaintiff attached four exhibits to his amended complaint, labeled "L" through "O," while the exhibits to his initial complaint were labeled "A" through "K." Plaintiff's amended complaint also abandons Plaintiff's intentional infliction of emotional distress claim and does not name Defendants Lieutenant P. Sewell or Sergeant M. Kester. Plaintiff also wrote the word "Addendum" after checking the box for "First Amended Complaint," on his proposed amendment.

However, Plaintiff may not use an amendment to supplement prior complaints. Instead, his amended complaint must be complete in itself without reference to any prior complaint. This is because, as a general rule, an amended complaint supersedes (replaces) the original complaint and renders prior complaints without legal effect. *Exeltis USA, Inc. v. First Databank, Inc.*, 779

F. App'x 486, 487 (9th Cir. 2019). So, if this case were to proceed on Plaintiff's proposed amended complaint, it would mean that Plaintiff has abandoned his claims against Defendants Lieutenant Sewell and Sergent Kester; abandoned his claim for intentional infliction of emotional distress; and abandoned his reference to Exhibits "A" through "K."

Because it does not appear that it is Plaintiff's intent to abandon these claims, Defendants, or exhibits, the Court will deny his motion to amend his complaint without prejudice. If Plaintiff chooses to amend his complaint to add new Defendants while still keeping his claims against the Defendants named in his original complaint, Plaintiff must file a renewed motion to amend, attaching a proposed amended complaint that includes *all* Defendants, *all* claims, and *all* exhibits. Plaintiff may not refer to his original complaint to make his amended complaint complete.

**II.     Plaintiff's motions for judicial notice.**

In his first motion for judicial notice, Plaintiff informs the Court that certain exhibits, labeled "A" through "K," that he filed on the docket were intended to be included and served with his complaint. (ECF No. 10). Plaintiff asks that the Court serve these exhibits. However, in his second motion for judicial notice, Plaintiff informs the Court that he received notice that the United States Marshals Service ("USMS") never received Plaintiff's USM-285 forms and thus, could not serve the Defendants at all. (ECF No. 16). Because service has not yet been accomplished in this case, and because it appears that Plaintiff intends to amend his complaint, the Court denies his motions for judicial notice as moot.

**III.    Leave to move to amend.**

Because the Court has denied Plaintiff's motion to amend his complaint without prejudice, it grants Plaintiff leave to file a renewed motion to amend his complaint on or before **June 27, 2024.** If Plaintiff does not move to amend his complaint by this date, the Court will construe his original complaint as the operative complaint and will issue an order regarding service of Plaintiff's original complaint, addressing Plaintiff's concerns in his motions for judicial notice. This does not mean that Plaintiff may not move to amend his complaint after June 27, 2024. This deadline simply serves to provide clarity of which pleadings the Court will order service.

1  **IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 12) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **June 27, 2024** to file a renewed motion to amend his complaint.  The proposed amended complaint that Plaintiff attaches to that motion must be complete in itself without reference to any prior complaint.  If Plaintiff does not file a renewed motion to amend his complaint by June 27, 2024, the Court will construe his original complaint (ECF No. 7) as the operative complaint and the Court will issue an order regarding service of that complaint.  This does not mean that Plaintiff is precluded from moving to amend his complaint at a later date.

**IT IS FURTHER ORDERED** that Plaintiff's motions for judicial notice (ECF Nos. 10, 16) are **denied as moot.**

DATED: May 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE