UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Robert Lonnell Smith, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Washoe County; et al., <br><br> Defendants. | Case No. 2:23-cv-01183-CDS-DJA <br><br> **Order** |

    Before the Court are Defendants Washoe County, Darin Balaam, Mark Kester, Sgt. Jenkins, Andrew Barrett-Venn, Darrin Rice, and Devonte German's motions to extend the dispositive motions deadline. (ECF Nos. 60, 71).[1] Defendants explain in their first motion that they initially sought to extend the dispositive motions deadline before it passed on May 5, 2025, but inadvertently did not comply with the Local Rules in doing so, resulting in the Court denying the motion. (ECF No. 58) (motion to extend); (ECF No. 59) (order denying motion to extend). In their second motion, Defendants explain that Plaintiff had moved multiple times to extend the deadline to respond to Defendants' motion to dismiss and so, Defendants needed to extend the deadline for dispositive motions in the event the case proceeded after the motion to dismiss. (ECF No. 60). Defendants point out that the Court then *sua sponte* dismissed Plaintiff's amended complaint and denied Defendants' motion to dismiss as moot, giving Plaintiff leave to file a second amended complaint. (ECF No. 63). Plaintiff filed a second amended complaint (ECF No.

---

[1] After Defendants filed their first motion to extend (ECF No. 60) but before they filed their second motion to extend (ECF No. 71), Plaintiff amended his complaint, which amendment no longer names P. Sewell as a Defendant. So, counsel for Defendants filed the first motion on behalf of P. Sewell, but not the second. The Court also notes that counsel for Defendants did not list Sgt. Jenkins in the first motion to extend (ECF No. 60), but this appears to have been inadvertent because counsel for Defendants otherwise appeared on behalf of Sgt. Jenkins (ECF No. 47).

64) and Defendants moved to dismiss it (ECF No. 66), which motion to dismiss is still pending. So, Defendants move again to extend the dispositive motions deadline in the event that the case proceeds after their renewed motion to dismiss. (ECF No. 71).

Plaintiff has not responded to either motion, constituting his consent to the Court granting them. *See* LR 7-2(d). And the Court finds that Defendants have shown good cause and excusable neglect to extend the deadline. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. So, the Court grants Defendant's second motion to extend (ECF No. 71) and denies the first (ECF No. 60) as moot.

**IT IS THEREFORE ORDERED** that Defendants' motion to extend time (ECF No. 60) is **denied as moot** and Defendants' second motion to extend time (ECF No. 71) is **granted.** The following deadlines shall govern;

| | |
|---|---|
| Dispositive motions: | January 26, 2026 |
| Joint pretrial order: | February 25, 2026[2] |

DATED: October 31, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.