UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert Lonnell Smith, Jr., <br><br> Plaintiff <br><br> v. <br><br> Washoe County, et al., <br><br> Defendants | Case No. 2:23-cv-001183-CDS-DJA <br><br> **Order Granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Denying as Moot Defendants' Motion for Leave to File Supplemental Authority** <br><br> [ECF Nos. 57, 66] |

Plaintiff Robert Lonnell Smith, Jr. brings this § 1983 suit against defendants Washoe County, Daria Balaam, Mark Kester, Sgt. Jenkins, Andrew Barrett-Venn, Darrin Rice, and Devonte German for alleged equal protection and due process violations. *See* Second am. compl., ECF No. 64. The defendants filed a motion to dismiss Smith's suit based on issue and claim preclusion. Mot. dismiss, ECF No. 66. The next day, the court issued a minute order instructing Smith to file his opposition to that motion within fourteen days. *See* Min. order, ECF No. 67. He did not. So, for the reasons set forth below, I grant the defendants' unopposed motion to dismiss.[1]

I.  **Background**

Smith's claims arise from his time at the Washoe County Detention Facility (WCDF) as a pre-trial detainee. While at WCDF, Smith's alleges that his "perfect health" began to rapidly decline. He started to suffer from persistent coughing, wheezing, headaches, shortness of breath, and insomnia for several months. Decl., ECF No. 65 at 3–4. After visiting the WCDF medical staff and St. Mary's Hospital emergency room, Smith was diagnosed with COVID-19 pneumonia and COPD/emphysema. *Id.* at 5–6.

---

[1] Because I dismiss this action, I deny the defendants' motion for leave to file supplemental authority [ECF No. 57] as moot.

Thereafter, in 2021, Smith filed a § 1983 suit for alleged violations of the First Amendment for restriction of free speech and the Fourteenth Amendment for conditions of confinement. *See id.* at 6–7; *Smith v. County of Washoe*, 3:21-cv-00123-ART-CSD. The district court dismissed the First Amendment claims and granted summary judgment for the defendants on the Fourteenth Amendment claim. On appeal, the Ninth Circuit affirmed. *Smith v. Cnty. of Washoe*, No. 23-3056, 2025 WL 1202526 (9th Cir. Apr. 25, 2025). The case is now closed.

Through discovery in that case, Smith learned of his COPD/emphysema diagnosis. ECF No. 6 at 7. In the present action, Smith alleges that the hazardous conditions of his confinement caused his health problems. *Id.* at 8. Those hazardous conditions include (1) smoke inhalation due to the 2024 California forest fires; (2) Washoe County's toxic air quality; (3) cell confinement for 22 hours per day on average; and (4) WCDF's faulty ventilation system. *Id.* He further alleges that the defendants violated his Fourteenth Amendment rights to due process and equal protection by enabling these hazardous conditions. *See* ECF No. 64.

Smith requests damages under 42 U.S.C. § 1983 to remedy the defendants' alleged violation of his due process and equal protection rights under the Fourteenth Amendment. The defendants move to dismiss Smith's second amended complaint. ECF No. 66. I issued a minute order on August 28, 2025, which stated, "Opposition due 14 days from the date of this Minute Order and reply due seven 7 days after the filing of the opposition." ECF No. 67 at 3. The order also cautioned Smith that, under the local rules, the "failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *Id.* (citing Local Rule 7-2(d)). Smith proceeded to file a notice of change of address on September 11th (ECF No. 68) and a motion to reset the date for discovery on September 22nd (ECF No. 69), but Smith has still not filed an opposition to the motion to dismiss, and the deadline to do so has passed. As such, the defendants' motion to dismiss Smith's second amended complaint is unopposed.

## II. Legal Standard

Unlike when considering motions for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. In this district, the local rules provide that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. Local Rule 7-2(d).

Before granting an unopposed motion to dismiss, courts must weigh the following *Ghazali* factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

## III. Discussion

The defendants argue that Smith's claims should be dismissed because they are barred by res judicata and fail to state a claim upon which relief can be granted. *See* ECF No. 66. Because I find that res judicata and the *Ghazali* factors warrant dismissal of Smith's second amended complaint, I do not address the defendants' argument concerning failure to state a claim.

### A. Res judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). It applies when there is (1) a final judgment on the merits, (2) an identity of claims, and (3) identity or privity between parties. *Id.*

Here, res judicata bars Smith's second conditions of confinement claim to the extent that it's based on tier time. First, there is a final judgment on the merits of that claim because the prior action granted summary judgment for the defendants on the conditions of confinement action. Second, there is identity of the claims to the extent that they are both based on the amount of tier time Smith was allowed per day. Third and finally, there is privity between the parties because Smith brought both suits and both suits share the following defendants: Darin Balaam, Andrew Barrett-Venn, Devonte German, Darrin Rice, and Washoe County. Thus, the present cause of action for conditions of confinement in violation of Smith's Fourteenth Amendment rights is barred by res judicata to the extent that it's based on tier time.

### B. *Ghazali* factors

Upon consideration of the *Ghazali* factors, I dismiss without prejudice the rest of Smith's second amended complaint. First, the public's interest in expeditious resolution of litigation always favors dismissal. *Yourish*, 191 F.3d at 990. Second, the court's need to manage its docket similarly favors dismissal. Third, the risk of prejudice to Smith is minor, as I dismiss his second amended complaint without prejudice—meaning that Smith is permitted to refile his claims—and I put Smith on notice of this outcome in my August 28th order. *See* ECF No. 67. Fourth, the public policy of favoring disposition of cases upon their merits is not violated because I dismiss Smith's second amended complaint without prejudice to the extent that it's not barred by res judicata. And res judicata only applies to claims that have a final judgment on the merits, as is the case with the conditions of confinement claim that Smith previously litigated. Finally, the nature of the dismissal without prejudice makes the availability of less drastic sanctions minor. Thus, the *Ghazali* factors call for dismissal of the rest of Smith's second amended complaint without prejudice.

### IV. Conclusion

IT IS HEREBY ORDERED that the defendants' motion to dismiss **[ECF No. 66] is granted**. I dismiss Smith's tier-time claim with prejudice, and I dismiss the rest of Smith's claims in his second amended complaint without prejudice.

IT IS FURTHER ORDERED that the defendants' motion for leave to file supplemental authority **[ECF No. 57] is denied as moot**.

The Clerk of Court is kindly instructed to close this case.

Dated: November 18, 2025

_____
Cristina D. Silva
United States District Judge